IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2004 SESSION

## ROBERT L. LEVERETTE v. JAMES A. BOWLEN, WARDEN

**Direct Appeal from the Circuit Court for Bledsoe County**
**No. 29-2002    Thomas Graham, Judge**

_____

**No. E2003-02469-CCA-R3-HC - Filed February 3, 2005**

_____

In 1996, the petitioner, Robert L. Leverette, pled guilty in the Circuit Court of Bedford County to four counts of rape, Class B felonies, and to one count of incest, a Class C felony. He was sentenced to ten years for each rape and to five years for the incest to be served in the Department of Correction. The trial court classified him as a Range I, standard offender with a release eligibility at thirty percent of his sentence and ordered two of the rape convictions to run concurrently. The Department of Correction, however, classified him as a multiple rapist pursuant to Tennessee Code Annotated section 39-13-523, which requires that multiple rapists serve one hundred percent of a sentence. As a result, the petitioner filed a petition for the writ of habeas corpus. The trial court granted partial relief and vacated three of his four rape sentences. On appeal, the petitioner claims that his entire sentence should be vacated and the case remanded. Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

B. Jeffery Harmon, Assistant Public Defender, Jasper, Tennessee, for the appellant, Robert L. Leverette.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; James Michael Taylor, District Attorney General; and James W. Pope, III., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  FACTS AND PROCEDURAL HISTORY**

The petitioner pled guilty to four counts of rape and to one count of incest. Pursuant to a plea agreement, the trial court sentenced him to ten years for each rape conviction and to five years for

the incest conviction. Two of the rape sentences were to run concurrently. His effective sentence was twenty-five years as a Range I, standard offender with a release eligibility after thirty percent service.

Tennessee Code Annotated section 39-13-523 requires a multiple rapist to serve one hundred percent of a sentence. Pursuant to this statute, the Department of Correction classified the petitioner as a multiple rapist with release eligibility at one hundred percent service.

The petitioner filed a petition for writ of habeas corpus. He argued that his plea agreement allowed for parole eligibility after thirty percent service. The trial court agreed and granted partial relief. The trial court stated, "that's a pretty significant part of a plea, to understand how much time you're going to get, and so apparently everybody agrees that they were telling him he would have an eligibility of 30 percent." By vacating three of the four rape sentences, the trial court eliminated the petitioner's classification as a multiple rapist and thereby reinstated his thirty percent release eligibility. The sentence, as modified, does not conflict with the statute at issue and conforms the judgment to the thirty percent release eligibility negotiated in the plea agreement.[1] However, the petitioner seeks to have his entire sentence vacated and the case remanded. He argues that a plea package containing some illegality should be voided in its entirety.

## II. ANALYSIS

The grounds upon which a court will grant habeas corpus relief are very narrow. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002); see State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). A successful petition for habeas corpus must establish that a judgment is void. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Relief is not available where a judgment is merely voidable. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The face of the judgment must reflect "that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment . . . has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A sentence "imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). A judgment that requires proof beyond the face of the record to establish that it is void may not be collaterally attacked by petition for writ of habeas corpus. Potts, 833 S.W.2d at 62. The petitioner bears the burden to show, by a preponderance of the evidence, that a sentence is void or that confinement is illegal. Tenn. Code Ann. § 29-21-101 (2003); Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Petitions for habeas corpus relief raise questions of law. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Thus, we must review this case de novo with no presumption of correctness given to the findings of the trial court. Id.

---

[1] A single rape conviction would eliminate the petitioner's classification as a multiple rapist under section 39-13-523 of the Tennessee Code.

There is no dispute that the petitioner entered his guilty pleas in accordance with a plea agreement. He cites <u>Dixon v. State</u>, 934 S.W.2d 69 (Tenn. Crim. App. 1996), to argue that an illegal sentence for one offense renders an entire negotiated plea agreement void. However, the crimes in <u>Dixon</u> were part and parcel of one another.[2] The instant case involves separate rapes occurring at separate times. Furthermore, <u>Dixon</u> presented a due process argument through a petition for post-conviction relief. This case comes before us on a petition for habeas corpus.

It is well-established that the latitude to issue a writ of habeas corpus is very narrow. A successful petitioner must present a facially invalid judgment or an expired sentence. The trial court carefully considered each of the petitioner's original sentences. It vacated those that facially conflicted with section 39-13-523 of the Tennessee Code. It affirmed the two remaining judgments that did not violate this statute and were facially valid. Trial courts may correct an illegal sentence "at any time, even if it has become final." <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978); <u>see also</u> <u>State v. Howard Buchanan</u>, No. M2000-00878-CCA-R3-CD, 2001 WL 261544 (Tenn. Crim. App., at Nashville, Mar. 16, 2001), <u>perm. to app. denied</u> (Tenn. Sept. 10, 2001).

The petitioner alleges that his knowledge of the sentence illegality arose after the one-year statute of limitations for filing a post-conviction petition. Therefore, he requests that this Court toll the statute of limitations to allow him to file a post-conviction petition. Although a post-conviction petition would more properly frame his arguments, it would not afford relief. The modified sentence is in full conformity with the plea agreement and the applicable statutory law. Furthermore, the petitioner supports his argument with no authority or proof to show that knowledge of the sentence illegality occurred after the period to file for post-conviction relief.

The trial court properly granted partial habeas corpus relief. The modified judgment stands in accordance with applicable statutory law and with the terms of the petitioner's plea agreement.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court.

_____
J.C. MCLIN, JUDGE

---

[2] The court vacated a plea agreement by finding that a murder charge was inextricable from a charge concerning the weapon used.